UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON MONTE CAMPBELL,

      Movant,

                                    1:08-CV-984

v.

                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
                              /

## **O P I N I O N**

This matter comes before the Court on Movant Deon Monte Campbell's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

### **I.**

On September 12, 2006, Movant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2), and one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). (*United States v. Campbell*, File No. 1:06-CR-208 (W.D. Mich., Crim. Dkt. No. 1, Indictment.)[1] On November 7, 2006, Movant entered a plea of guilty to being a felon in possession of a firearm pursuant to a plea agreement. (Crim. Dkt. No. 14, Plea Agrm't; Crim. Dkt. No. 20, Plea Tr.) On February 20, 2007, Movant was

---

[1]Citations to "Civ. Dkt. No. __" refer to File No. 1:08-CV-984 (W.D. Mich.), and citations to "Crim. Dkt. No. __" refer to File No. 1:06-CR-208 (W.D. Mich.).

sentenced to 120 months in prison followed by three years of supervised release. (Crim. Dkt. No. 25, J.) Count 2 of the indictment was dismissed pursuant to the government's motion. (*Id.*) Movant's sentence was affirmed on appeal. *United States v. Campbell*, No. 07-1269 (6th Cir. Dec. 19, 2007) (Crim. Dkt. No. 32, slip op.). Movant filed this § 2255 motion on October 20, 2008.

## II.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief as to some of the grounds raised in his petition.

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion of even constitutional or jurisdictional magnitude to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). An ineffective assistance of

counsel claim, however, is not subject to the procedural default rule, and may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In his plea agreement Movant specifically waived the right to challenge his sentence in a collateral attack under § 2255. (Plea Agrm't ¶ 9.)[2] A waiver of the right to collaterally attack a conviction and sentence is enforceable if it is knowingly, intelligently, and voluntarily made. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). The waiver is generally effective even as to ineffective assistance of counsel claims. "When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila*, 258 F.3d at 451. However, if the claim of ineffective assistance of counsel runs directly to the validity of the guilty plea itself, rather than other issues outside the plea that defendant has agreed not to appeal or collaterally attack, then the defendant may not be precluded from directly challenging the plea agreement itself, including its waiver provision, through a claim of ineffective assistance of counsel. *In re Acosta*, 480 F.3d at 422. In addition, subject matter jurisdiction is not subject to waiver. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006.)

---

[2]Under the heading "Waiver of Appeal and Collateral Attack," Movant agreed that he "also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, § 2255." (Plea Agrm't ¶ 9.)

Movant's waiver of the right to collaterally attack his sentence was discussed at the time of his plea and Movant assured the Court that he had discussed the waiver with his counsel, Assistant Federal Public Defender David L. Kaczor, that he fully understood its terms, and that he agreed to it. (Crim. Dkt. No. 20, Plea Tr. 13-15.) Movant has raised the following grounds for relief in his § 2255 motion:

1. lack of federal subject matter jurisdiction;

2. denial of effective assistance of counsel, equal protection, and due process based on counsel's failure to challenge the imposition of a four-level enhancement for possessing a firearm in connection with another felony offense;

3. denial of effective assistance of counsel based on counsel's failure to secure discovery or investigate the charges prior to encouraging Movant to accept the plea;

4. denial of effective assistance of counsel based on counsel's failure to seek suppression of evidence;

5. denial of effective assistance of counsel based on counsel's failure to consult and assist Movant in the preparation of his appeal;

6. denial of effective assistance of counsel based on counsel's failure to file a claim of ineffective assistance of counsel on appeal;

7. violation of Fourth Amendment rights when officers exceeded the scope of an inventory search;

8. denial of equal protection when the federal government proceeded with indictment after the state failed to substantiate proper evidence to support a conviction.

(Civ. Dkt. Nos. 1, 2, § 2255 Mot. and Mem. in Support.)

None of the grounds for relief enumerated in Movant's § 2255 motion address or

4

challenge the validity of his waiver. He does not deny that the waiver was knowingly, intelligently, and voluntarily made. With the exception of ground 1, which purports to challenge the Court's subject matter jurisdiction, and ground 3, which arguably challenges the validity of the guilty plea itself, all of Movant's claims have been waived.[3] It plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that Movant is not entitled to relief on grounds 2, and 4-8. Accordingly, grounds 2, and 4-8 will be summarily dismissed.

In ground 1 Movant asserts that "the United States did not have subject-matter jurisdiction in this case after the Michigan Republic passed on the evidence." (§ 2255 Mot. 2.) The basis of this claim is not entirely clear. According to Movant, he was originally arrested and detained by the Grand Rapids Police Department, and his case was only referred to the United States government after the county prosecutor determined that gun charges were not authorized due to a lack of evidence. The police report that Movant relies on states that gun charges were not authorized "at this time," due to a lack of evidence. (§ 2255 Mem., Ex. B.)

---

[3] In addition to waiving grounds 7 and 8 under paragraph 9 of his plea agreement, Movant also waived grounds 7 and 8 in paragraph 10 of his plea agreement which specifically waived all rights to appeal his conviction, and any Fourth or Fifth Amendment claims. (Plea Agrm't ¶ 10.) He also waived these claims by failing to raise them on appeal. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (holding that an argument not raised on direct appeal is waived, and can be raised for the first time on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." ) (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). Movant has not alleged any arguable basis for avoiding or defeating his waiver of his Fourth and Fifth Amendment arguments.

It appears from this discussion that Movant is not really challenging the Court's subject matter jurisdiction, but is instead challenging the sufficiency of the evidence. By pleading guilty and admitting all the elements of the felon in possession statute, he has waived this challenge. To the extent Movant is challenging the ability of the federal government to bring parallel charges after a state has decided not to press charges, Movant has not asserted a viable challenge to the Court's subject matter jurisdiction. "[P]rosecution in both state court and federal court for offenses that would otherwise constitute the same 'offense' under the Fifth Amendment if tried successively in the same forum, is constitutional under the dual sovereignty doctrine." *United States v. Deitz*, 577 F.3d 672, 686 (6th Cir. 2009).

Movant also argues that federal courts only have jurisdiction in matters involving offenses against the United States, and that nothing can be an offense against the United States unless it is made so by Congressional act. (*Id.* at 3.)

Movant does not deny the fact that he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), a statute enacted by Congress. Congress had authority to enact the felon-in-possession statute because it limited the reach of the statute to firearm possessions that have an affect on interstate commerce. *United States v. Sanders*, 97 F.3d 856, 862 (6th Cir. 1996). Movant stipulated at his plea that the firearm he had in his possession had traveled in interstate commerce. (Plea Tr. 17.) The fact that the firearm had previously traveled in interstate commerce is sufficient to establish the interstate commerce connection. *United States v. Sawyers*, 409 F.3d 732, 736 (6th Cir. 2005). Accordingly, the

6

Court finds that Movant has failed to identify any legitimate basis for challenging the Court's exercise of subject matter jurisdiction in this case. It plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that Movant is not entitled to relief on ground 1. Accordingly, ground 1 will be summarily dismissed.

In ground 3 Movant contends that counsel advised him to enter a plea prior to receiving discovery which would have alerted him to possible defenses. In support of this claim Movant has presented his affidavit in which he states that counsel did not investigate or put forth a reasonable effort, but that he nonetheless made every attempt to get Movant to plea to the charges. (Civ. Dkt. No. 2, Mem. Ex. C, Campbell Aff ¶¶ 10, 12.) According to Movant, the defense never received discovery until February 20, 2007, the day on which Movant was sentenced. (Campbell Aff. ¶ 21.) Accordingly, Movant contends that counsel was ineffective because he advised him to enter a guilty plea without first evaluating the possible defenses. Movant has also asserted that but for counsel's failures and inducements, Movant would not have entered a plea.

A claim of ineffective assistance of counsel runs directly to the validity of the guilty plea itself, and is not barred by a waiver, where it claims ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52 (1985). *In re Acosta*, 480 F.3d at 422. The Supreme Court stated in *Hill* that

> where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in

turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Hill*, 474 U.S. at 59.

Movant was represented by very competent counsel. The Court suspects that Movant's assertions regarding counsel's failures are ill-informed. Nevertheless, because this Court cannot make a determination of the facts on the present record, the Court will order the government to provide a response to ground 3 of Movant's § 2255 motion.

For the reasons stated herein, the Court will summarily dismiss grounds 1, 2, and 4-8 of Movant's § 2255 motion, and will order the government to respond to ground 3.

Dated: January 13, 2010                                /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE