UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON MONTE CAMPBELL,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
    _____/

File No. 1:08-CV-984

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter comes before the Court on Movant Deon Monte Campbell's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

**I.**

Movant was indicted on September 12, 2006, for: (1) being a felon in possession of a firearm in violation of 18. U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2); and (2) possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On November 7, 2006, Movant pleaded guilty to Count 1, pursuant to a plea agreement in which the government agreed to dismiss Count 2. This Court, on February 20, 2007, sentenced Movant to 120 months of incarceration and three years of supervised release. *United States v. Campbell*, Case No. 1:06-CR-208 (W.D. Mich. Feb. 20, 2007). Movant's conviction and sentence were affirmed on appeal. *United States v. Campbell*, 257 F. App'x 981 (6th Cir. 2007).

1

Movant filed his § 2255 motion on October 20, 2008. On January 13, 2010, the Court summarily dismissed all but one of Movant's claims pursuant to U.S.C.S. § 2255(4)(b). (Dkt. No. 12.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual

2

prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

**III.**

Movant seeks relief on the ground that his attorney furnished ineffective assistance by failing to secure discovery and failing to investigate the charges contained in the indictment prior to encouraging Movant to enter a plea. Movant contends that these failures resulted in his counsel being unaware that: (1) Movant was driving in a low income neighborhood and was only followed by police because he fit racial profiling; (2) Movant denied knowledge of a weapon and the weapon was found in an inoperable trunk of the vehicle; (3) the police justified their investigatory search because of the strong smell of alcohol on Movant, yet never gave him a field sobriety test nor blood alcohol test, a violation of Michigan law; (4) the

3

passenger in the vehicle stated that she did not know Movant to carry or possess a gun and Movant's fingerprints were not found on the gun; (5) the passenger stated that Movant was not known to drive the vehicle and had only been in the vehicle that day for two hours. (Dkt. No. 1, at 4.)

The Court has already held that this claim is not waived by Movant's plea agreement in which he agreed to a waiver of collateral attack. (Dkt. No. 11.) To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

The Court must first analyze whether Movant's counsel was objectively reasonable in securing discovery and encouraging Movant to plead guilty. Counsel asserts in his affidavit that he arranged for an investigator to interview a potential witness and discovered that the information would not be favorable to the Movant. (Dkt. No. 16, Attach. 2, Kaczor Aff.) Counsel also received discovery on October 11, 2006, well in advance of the plea hearing, and spent approximately four-and-a-half hours reviewing this material. (*Id.*) This discovery confirmed to counsel that Movant was pulled over for driving without a license plate in violation of Michigan Compiled Law § 257.224. (Dkt. No. 16, Attach. 1, Police Rpts.)

4

"When a traffic stop is supported by probable cause, an officer's subjective intent is irrelevant." *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)).  The materials further confirmed that Movant was placed under arrest for driving without a license and because of an existing child support warrant. (Police Rpts.)  Thus, the absence of a field sobriety test has no bearing on the validity of his arrest.  Furthermore, the inventory search of the vehicle was lawfully carried out because of the subsequent impoundment of Movant's vehicle.  See *United States v. Campbell*, 486 F.3d 949, 958 (6th Cir. 2007) ("[P]olice officers are permitted to search the vehicle associated with a defendant's lawful arrest for the purpose of taking an inventory of its contents prior to impoundment.").  Movant's assertion that the trunk of the vehicle was inoperable is contradicted by the fact that there is no mention of it in the police reports and the fact that cocaine and a firearm were stored there.  Counsel has also sworn under oath that Movant never gave him any indication that he believed that the stop or search of the vehicle was illegal. (Kaczor Aff.)

Movant's assertion that discovery would have revealed that he did not know about the gun is also contradicted by the record.  Although Movant's fingerprints were not found on the weapon, he admitted to the police on January 31, 2006, that his fingerprints might be on the gun. (Police Rpts.)  His allegation that an unidentified subject had handed the gun to him and then put the gun in the trunk of the car without his knowledge is contradicted by the pre-sentence report and his counsel's affidavit that both state that Movant admitted during his pre-

5

sentence interview that he purchased the gun at a party store and stored it in the trunk of the car. (PSR ¶ 25; Kaczor Aff. ¶ I.) Movant also swore under oath in the plea hearing that he "possessed a handgun." (File No. 1:06-CR-208, Dkt. No. 20, Plea Tr. 15.) Nor would his passenger's testimony have supported the claim that Movant did not know about the gun. The passenger's lack of knowledge as to whether or not Movant possessed a gun is relatively weak testimony on its own and, given the passenger's previous inconsistent statements to the police,[1] would not have outweighed Movant's initial assertion to the police that his fingerprints might be on the gun and his later admission of buying the gun.

The record indicates that counsel thoroughly reviewed the discovery material he possessed. It is also evident that the evidence Movant believes would have been discovered by a minimal investigation is contradicted by the record. For these reasons the Court finds that counsel was objectively reasonable in investigating and securing discovery.

Counsel was also concerned about two possible sentencing enhancements Movant could receive if he did not plead guilty: (1) if Movant was found guilty of the possession of the cocaine base with intent to distribute he would qualify for sentencing as a career offender; (2) the possibility of a supplemental indictment being filed for possession of a gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Kaczor Aff. ¶ F.) Considering the weight of the evidence against Movant and counsel's legitimate concerns

---

[1]The passenger asserted to the police in a follow-up report on January 25, 2006, that Movant had been driving the vehicle in question for three months prior to being arrested. In a follow-up report on January 31, 2006, passenger then asserted that she had never seen Movant drive the vehicle out of the lot until the night in question. (Police Rpts.)

6

about sentencing enhancements, the Court finds that counsel's assistance in securing a favorable plea bargain was also objectively reasonable.

Even if the Court did find that Movant's counsel rendered deficient performance, the Court does not find prejudice. Movant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Counsel swears under oath that after he convinced the government to drop the drug charge, Movant "was excited about hearing this offer and wanted to plead guilty to the felon in possession charge as soon as possible." Kaczor Aff. ¶ G.) While Movant is correct that he demonstrated some doubt in his counsel's assistance, answering "I guess" when asked by the Court if he was satisfied with counsel's representation, this occurred at his sentencing hearing. (File No. 1:06-CR-208, Dkt. No. 29, Sent Tr. 9.) His answers to similar questions at his plea hearing indicate that any dissatisfaction came after pleading:

THE COURT: You've been represented by Mr. Kaczor, correct?

THE DEFENDANT: Yes.

THE COURT: Have you had an adequate opportunity to meet with him?

THE DEFENDANT: Yes.

THE COURT: Have you had the opportunity to ask him questions?

THE DEFENDANT: Yes.

THE COURT: Has he answered those questions?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the representation that he's provided?

THE DEFENDANT: Yes

(File No. 1:06-CR-208, Dkt. No. 20.)

Counsel and Movant's disputes over whether Movant asked for a copy of discovery materials prior to his plea hearing and whether counsel made Movant aware of the possible sentencing enhancements discussed supra also do not indicate prejudice. Even if Movant is correct that he asked for a copy of the discovery materials and never received it, possession of this material would not have created a reasonable probability of Movant changing his plea. As discussed supra, the evidence in the discovery materials weighed strongly against him. Similarly, even if Movant is correct that counsel never made him aware of the possible sentencing enhancements, knowledge of this information would only have affirmed his desire to enter into the plea agreement, which eliminated the chance of Movant being classified as a career offender or facing a supplemental indictment, both of which carried significant sentencing enhancements. Movant does assert in an affidavit that but-for the actions of his counsel he would have insisted on going to trial and testifying. (Dkt. No. 2, Ex. C, Movant's Aff.) However, this assertion is contradicted by the record and "inherently incredible." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Therefore, the Court finds that Movant suffered no prejudice.

In his reply to the government, Movant lists additional concerns stemming from meetings with his counsel in December, 2006, and January, 2007. (Dkt. No. 17.) These meetings occurred after Movant had already pleaded guilty and thus could not have prejudiced his plea. Any concerns Movant has with regards to these meetings are moot. The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court does not believe that reasonable jurists would find its assessment of Movant's ineffective assistance of counsel claim debatable or wrong. Accordingly, a certificate of appealability will be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: June 7, 2010          /s/ Robert Holmes Bell
                             ROBERT HOLMES BELL
                             UNITED STATES DISTRICT JUDGE